**Simon Mark BALAJ; Valentina Marjan Balaj, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3561.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Carl M. Weideman, III, Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioners.

Richard M. Evans, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

*ORDER*

Simon Mark Balaj and his wife, Valentina Marjan Balaj, natives and citizens of the Kosovo region of the former Yugoslavia, petition this court for review of an order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's decision denying their application for asylum and withholding of removal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 1998, the Balajs arrived in the United States, but were neither admitted nor paroled after inspection by an immigration officer. The Immigration and Naturalization Service commenced removal proceedings against them on that basis.

The Balajs admitted to the charges against them and conceded removability. The immigration judge ("IJ") designated Yugoslavia as the country of removal and consolidated their cases. The Balajs applied for asylum and withholding of removal and sought relief under the United Nations Convention Against Torture. At the removal hearing, both Balajs testified about alleged instances of past persecution and their fear of future persecution should they return to the former Yugoslavia. An Albanian friend, Mikelj Demaj, offered corroborative testimony. The IJ found that Simon was not a credible witness, and that, alternatively, even if credible, the Balajs had not adequately demonstrated past persecution warranting refugee status. The IJ denied the Balajs' application for asylum, withholding of removal, and relief under the Torture Convention. The BIA affirmed the IJ's decision without opinion.

The BIA's streamlining procedures for reviewing the IJ's denial of asylum do not violate constitutional due process. *Denko v. INS,* 351 F.3d 717, 729–30 (6th Cir.2003). Moreover, the IJ's decision was supported by substantial evidence, *Daneshvar v. Ashcroft,* 355 F.3d 615, 624 (6th Cir.2004), and the Balajs have not presented compelling evidence sufficient to warrant reversal of the BIA's order. *Ouda v. INS,* 324 F.3d 445, 451 (6th Cir. 2003).

Because the Balajs cannot establish eligibility for asylum, they cannot satisfy the more stringent burden required to establish eligibility for withholding of removal. *Mikhailevitch v. INS,* 146 F.3d 384, 391 (6th Cir.1998).

Because the IJ's decision, as affirmed by the BIA, was supported by substantial evidence, we deny the petition for review.